# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA NIGH, | CASE NO. 12-CV-2714-MMA(DHB) |
| Plaintiff, | **ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CERTIFYING THE CLASS, PROVIDING FOR NOTICE AND SCHEDULING ORDER** |
| v. | |
| HUMPHREYS PHARMACAL, INCORPORATED, *et al.*, | |
| Defendants. | [Doc. No. 9] |

The parties in this action have entered into a Settlement Agreement ("Agreement") dated December 7, 2012, which, if approved, would resolve this putative class action. Plaintiff now moves the Court for an order preliminarily approving the settlement, certifying a settlement class, and providing for class notice and a scheduling order. The Court **GRANTS** Plaintiff's motion, as modified by the Court, and orders as indicated below.

The capitalized terms used in this Preliminary Approval Order shall have the meanings and definitions given to them in the Agreement, or if not defined therein, the meanings and definitions given to them in this Preliminary Approval Order.

Before and during the pendency of the Litigation, Class Counsel avers that they conducted an extensive examination and evaluation of the relevant facts and law to assess the merits of the named Plaintiff's and Class' claims to determine how best to serve the interests of

Plaintiff and the Class. In the course of this examination, Class Counsel avers they reviewed approximately 50,000 documents, which consisted of marketing data, label and package mechanicals, sales figures, unit sales, original invoices and shipping data, promotional materials, package materials, product return materials, and detailed financial information produced by Defendants that was prepared by outside accountants. Class Counsel avers they have conducted a thorough review of the Food, Drug and Cosmetic Act, its numerous changes over the years, and the Act's implementing regulations with respect to homeopathic drugs. Class Counsel avers they have carefully considered the merits of Plaintiff's claims, and the defenses raised by Defendants.

It preliminarily appears that the proposed settlement was reached after this investigation and discovery in the Litigation, and that it was the result of negotiations conducted by the Parties with the assistance of The Honorable Leo Papas (ret.) of Judicate West, a California-based provider of mediation, arbitration, and alternative dispute resolution services. It appears the Parties engaged in numerous joint and individual mediations sessions with Judge Papas in order to reach the terms of the Agreement over the course of several months.

Plaintiff and Class Counsel maintain that the Litigation and the claims asserted therein are meritorious and that Plaintiff and the Class would have prevailed at trial. Notwithstanding, Plaintiff and Class Counsel have agreed to settle the Action pursuant to the provisions of the Agreement, after considering, among other things: (i) the substantial benefits to Plaintiff and the Class under the terms of this Agreement; (ii) the uncertainty of being able to prevail at trial; (iii) the uncertainty relating to Defendants' defenses and the expense of additional motion practice in connection therewith; (iv) the issues relating to proving damages on an individual Class Member basis; (v) the attendant risks of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation; and (vi) the desirability of consummating this Settlement promptly in order to provide effective relief to Plaintiff and the Class.

Plaintiff and Class Counsel believe that this Agreement is fair, reasonable and adequate because it provides substantial benefits to the Class, is in the best interests of the Class, and fairly resolves the claims alleged in this Action.

Defendants have expressly denied any wrongdoing alleged in the pleadings in the Action and do not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims which have been or could have been alleged against them in the Action.  Defendants nonetheless consider it desirable for the Action to be settled and dismissed, because the proposed settlement will:  (i) avoid further expense and disruption of the management and operation of Defendants' businesses due to the pendency and defense of the Action;  (ii) finally put Plaintiff's and the Class' claims and the underlying matters to rest; and (iii) avoid the substantial expense, burdens, and uncertainties associated with a potential finding of liability and damages for Plaintiff and the Class on the claims alleged in the Complaint in the Action.

The Court has reviewed and considered the Agreement and all exhibits thereto, including the proposed notices and claim form, and finds there is sufficient basis for:  (1) granting preliminary approval of the Agreement; (2) certifying a class for settlement purposes; (3) appointing Plaintiff Melissa Nigh as Class Representative and her counsel as Class Counsel; (4) directing that Notice be disseminated to the Class; and (5) setting a hearing at which the Court will consider whether to grant final approval of the Agreement.

The Court now **GRANTS** the motion for preliminary approval and makes the following findings and orders:

1. Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, the Court hereby certifies this Litigation as a class action on behalf of the following certified Class:

> All persons in the United States who purchased the Products (as defined in **Exhibit D** of the Agreement) for personal or household use from June 20, 2008  to the Opt Out/Objection Deadline (as defined in **paragraphs 8.5 and 8.7** of the Agreement) ("the Class Period").  Excluded from the Class are Defendants; and persons who during or after the Settlement Period were officers or directors of Defendants, or any corporation, trust or other entity in which any Defendant has a controlling interest; and the members of the immediate families of Defendants' employees or their successors, heirs, assigns and legal representatives; any judicial officer hearing this Action, and their family members and employees.

2. The Court finds, for purposes of settlement only, that the Settlement Class meets the requirements of Rule 23 of the federal Rules of Civil Procedure. Joinder of all Class Members in a single proceeding would be impracticable, if not impossible, because of their numbers and dispersion. Common issues exist among Class Members and predominate over questions affecting individual Class Members only; in particular, each Class Members' claims depend on whether the representations made by Defendants on the packaging, labeling and marketing of the Products at issue in this litigation were misleading. Plaintiff's claims are typical of those of the Class, as Plaintiff was exposed to Defendants' claims and purchased the Products in reliance on those claims. The Plaintiff and her counsel will fairly and adequately protect the interests of the Class as Plaintiff has no interests antagonistic to the Class, and has retained counsel who are experienced and competent to prosecute this matter on behalf of the Class. Finally, a class settlement is superior to other methods available for a fair resolution of the controversy.

3. The Court approves Plaintiff Melissa Nigh as Class Representative.

4. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court appoints Plaintiff's counsel, the Law Offices of Ronald A. Marron, APLC to serve as Class Counsel.

5. The Court preliminarily approves the Agreement, finding that its terms appear sufficient, and fair, reasonable and adequate to warrant dissemination of notice of the proposed settlement to the Class. The Agreement contains no obvious deficiencies and the parties have entered into the Agreement in good faith, following arms-length negotiation between their respective counsel. The Court's approval of this Agreement is made subject to further consideration at the Final Approval Hearing Date.

6. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a final approval hearing (the "Final Approval Hearing Date") on **October 21, 2013, at 2:30 p.m.**, in Courtroom 5 before the Honorable Michael M. Anello, United States District Court for the Southern District of California, for the following purposes:

a. finally determining whether the Class meets all applicable requirements of Federal Rule of Civil Procedure 23, and, thus, whether the Class' claims should be certified for purposes of effectuating the settlement;

b. determining whether the proposed settlement of the Litigation on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate and should be approved by the Court;

c. considering the application of Class Counsel for an award of attorneys' fees and costs, as provided for in the Agreement;

d. considering the application of the named Plaintiff for a class representative incentive award, as provided for in the Agreement;

e. considering whether the Court should enter the [Proposed] Judgment, Final Order and Decree;

f. considering whether the release by the Settlement Class Members of the Released Claims as set forth in the Agreement should be provided; and

g. ruling upon such matters as the Court may deem appropriate.

7. Class Members must file and serve any objections to the proposed settlement **no later than September 3, 2013**, including any memoranda and/or submissions in support of the objections.

8. All papers in support of the Agreement must be filed with the Court and served **no later than August 1, 2013**. The papers shall include the following information: (1) the total number of opt out requests received; (2) the total number of valid claims received; (3) the total dollar amount to be paid to Class Members who submitted valid claim forms; (4) a best estimate of the dollar amount that will be paid to the Class Administrator, or to be used for other costs and expenses (not including attorneys' fees and costs), or both; and (5) the dollar amount that remains from the settlement fund after valid claims are paid.

9. Any response to an objection to the settlement which is filed as provided for in paragraph 27 below shall be filed and served **no later than October 10, 2013**.

10. Any application for an award of attorneys' fees and costs and class representative incentive award must be filed with the Court and served **no later than August 1, 2013**.

11. Except as modified below, the Court approves the form and procedure for disseminating notice of the proposed settlement to the Class as set forth in the Agreement. The Court finds that the Notice Plan the parties propose to give constitutes the best notice practicable under the circumstances, and constitutes valid and sufficient notice to the Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution. However, the Court orders that the following modifications be made to the Notice Plan:

   a. That notice be published as 1/6-page advertisements once per week for four consecutive weeks in the *New York Times* or *USA Today* rather than the *San Diego Union Tribute*; and

   b. That published notice or advertisement of notice prominently include the logo of Defendant Humphreys Pharmacal, Inc., which depicts a "Humphreys" curved banner, and includes a depiction of a female holding leafy branches above her head with a meadow-like background and trees. [*See* Ex. 1 to Compl., Doc. No. 1-1 at 2 ("Humphrey's Teething Relief Very Cherry Pellets"). Any additional expense that results from this modification shall reduce the $38,009 estimated cost of advertising notice in *Parents Magazine* unless notice cannot be published in *Parents Magazine* at the reduced cost.

12. **On or before February 19, 2013**, Defendants shall disseminate the Class Notice in the form attached as **Exhibit B** to the Settlement Agreement, Summary Notice in the form attached thereto as **Exhibit C**, and the Claim Form in the form attached thereto as **Exhibit A**. The manner and form of such dissemination is set forth in the Notice Plan, as modified herein, attached as **Exhibit G** to the Agreement.

13. The Court approves the designation of Gilardi & Co. to serve as the Court-Appointed Class Action Administrator for the settlement. The Class Action Administrator shall

disseminate Class Notice and supervise and carry out the Notice Plan, the processing of claims, and other administrative functions, and shall respond to Class Member inquiries under the direction and supervision of the Court.

14. The Court directs the Class Action Administrator to establish a Settlement Website, making available copies of this Order, Class Notice, Claim Forms that may be downloaded and submitted online or via mail, the Agreement and all exhibits thereto, a toll-free hotline, and such other information as may be of assistance to Class Members or required under the Agreement. The Claim Form shall be made available to Class Members through the Settlement Website, **no later than February 4, 2013**, and continuously thereafter through the entry of judgment and dismissal of this case.

15. As set forth in the Agreement, the costs and expenses associated with the Class Notice, processing of claims, creating and maintaining the Settlement Website, and all other Class Action Administrator and Class Notice expenses shall be paid from the Settlement Fund. The Class Action Administrator is authorized to receive reimbursement of out-of-pocket notice publication expenses from the Settlement Fund pursuant to this Order, with Class Counsel's approval.

16. No later than fourteen (14) days prior to the Final Approval Hearing Date, Defendants, through the Class Action Administrator, shall file an affidavit and serve a copy on Class Counsel, attesting that notice was disseminated as required by the terms of the Notice Plan or as ordered by the Court. Defendants shall also notify Class Counsel of the costs of attaining the labeling changes per the injunctive relief set forth in the Agreement, including but not limited to costs associated with the Defendants' efforts to remove Products from distribution and retail store shelves.

17. In the event of final approval, all Class Members shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

18. The Court modifies the Parties' Claims-In Period. Any Class member who wishes to participate in the settlement shall complete a Claim Form and submit it to the Class

Action Administrator **no later than June 19, 2013**. Such deadline may be further extended without notice to the Class by Court order.

19. Any person falling within the definition of the Class may, upon his or her request, be excluded from the Class. Any such person must submit a completed request for exclusion to the Claims Action Administrator—not the Clerk of Court or the Court—postmarked or delivered **no later than June 19, 2013**. Requests for exclusion purportedly filed on behalf of groups of persons are prohibited and will be deemed void.

20. Any Class Member who does not send a completed, signed request for exclusion to the Claims Action Administrator postmarked or delivered on or before the Opt-Out and Objection Deadline will be deemed to be a Class Member for all purposes and will be bound by all further orders of the Court in this Litigation and by the terms of the settlement, if finally approved by the Court. The written request for exclusion must request exclusion from the Class, must be signed by the potential Class Member and include a statement indicating that the person is a member of the Class. All persons who submit valid and timely requests for exclusion shall not be bound by the Agreement or the Final Judgment and Order.

21. Any person falling within the definition of the Class may object to the Agreement. To be considered, all objections must be timely, in writing, signed and dated by the objector (or his or her attorney, if applicable), must reference the name and case number of the Action, and must contain the following information: (i) the objector's name, address, and telephone number; (ii) the name, address, and telephone number of any attorney for the objector with respect to the objection; (iii) the factual basis and legal grounds for the objection; and (iv) identification of the case name, case number, and court for any prior class action lawsuit in which the objector and the objector's attorney (if applicable) has objected to a proposed class action settlement, the general nature of such prior objection(s), and the outcome of said prior objection(s).

22. A request for exclusion or an objection that does not include all of the foregoing information, that is sent to an address other than the one designated in the Class Notice, or that is not received within the time specified, shall be invalid and the person serving such a request shall be deemed a member of the Class, and shall be bound as a Class Member by the

Agreement. The Class Action Administrator shall promptly forward copies of all requests for exclusion and objections to Class Counsel and counsel for Defendants.

23. If a Class Member hires an attorney to represent him or her in support of a timely and properly submitted objection, and the attorney wishes to appear at the Final Approval Hearing, in addition to the foregoing requirements that attorney must (1) file both an entry of appearance and a notice of intention to appear and participate at the Final Approval Hearing with the Clerk of the Court no later than thirty (30) days before the Final Approval Hearing, and (2) mail copies of the entry of appearance and the notice of intention to appear and participate at the Final Approval Hearing to Counsel for Defendants and Class Counsel, postmarked no later than thirty (30) days before the Final Approval Hearing.

24. A Class Member who appears at the Final Approval Hearing, either personally or through counsel, will be permitted to argue only those matters that were set forth in the timely and validly submitted written objection filed by such Class Member. No Class Member shall be permitted to raise matters at the Final Approval Hearing that the Class Member could have raised in his/her written objection, but failed to do so, and all objections to the Agreement that are not set forth in a timely and validly submitted written objection are deemed waived.

25. If a Class Member wishes to present witnesses or evidence at the Final Approval Hearing in support of a timely and validly submitted objection, all witnesses must be identified in the objection, and true and correct copies of all supporting evidence must be appended to, or filed and served with, the objection. Failure to identify witnesses or provide copies of supporting evidence in this manner waives any right to introduce such testimony or evidence at the Final Approval Hearing. While the declaration described above is prima facie evidence that the objector is a member of the Class, Plaintiff or Defendants or both may take discovery regarding the matter, subject to Court approval.

26. Any Class Member who fails to comply with the applicable provisions of the preceding paragraphs concerning their objection shall waive and forfeit any and all rights he or she may have to object, appear, present witness testimony, and/or submit evidence, shall be barred from speaking or introducing any testimony or evidence at the Final Approval Hearing,

and shall be bound by all the terms of the Agreement and by all proceedings, orders and judgments in the Litigation.

27. All objections must be filed with the Clerk of Court and served on the parties' counsel **no later than September 3, 2013**. Objections received after the Opt-Out and Objection Deadline will not be considered at the Final Approval Hearing. A Class Member's failure to submit a written objection within the Opt-Out and Objection Deadline, in conformance with the procedures set forth in the Class Notice, and above, waives any right the Class Member may have to object to the settlement, the Agreement, attorneys' fees and costs, class representatives' incentive awards, or to appeal or seek other review of the Final Judgment and Order.

28. Class Members who do not oppose the settlement, the applications for attorneys' fees and costs, or class representative incentive awards need not take any action to indicate their approval.

29. The Agreement and the proceedings and statements made pursuant to the Agreement or papers filed relating to the approval of the Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Defendants have denied and continue to deny the claims asserted by Plaintiff. Nothing contained herein shall be construed to prevent a Party from offering the Agreement into evidence for the purposes of enforcement of the Agreement.

30. The certification of the Class shall be binding only with respect to the settlement of this Litigation. In the event that the Agreement is terminated pursuant to its terms or is not finally approved by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other Court, the certification of the Class shall be deemed vacated, the Litigation shall proceed as if the Class had never been certified (including Defendants' right to

oppose any subsequent motion for class certification), and no reference to the Class, the Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

**IT IS SO ORDERED.**

DATED:   January 23, 2013

Hon. Michael M. Anello
United States District Judge